**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALINE L. MILLER, an individual,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware corporation,<br>*Defendant-Appellant.* | No. 14-36001<br><br>D.C. No.<br>6:14-cv-00785-TC<br><br>ORDER CERTIFYING A QUESTION TO THE OREGON SUPREME COURT |

Filed May 26, 2017

Before: Jay S. Bybee and Andrew D. Hurwitz, Circuit Judges, and Jack Zouhary,[*] District Judge.

---

[*] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

## SUMMARY[**]

### Certification to Oregon Supreme Court

The panel certified the following question of state law to the Oregon Supreme Court:

> Oregon's statute of repose for products liability actions (Or. Rev. Stat. § 30.905(2)) provides that a civil action "must be commenced before the later of . . . ten years . . . or . . . the expiration of any statute of repose for an equivalent civil action in the state in which the product was manufactured . . . ." If the state of manufacture has no relevant statute of repose, is a plaintiff entitled to an unlimited period (subject to the statute of limitations) in which to bring suit in Oregon court?

### COUNSEL

Emily V. Cuatto and Peder K. Batalden, Horvitz & Levy LLP, Encino, California; Nancy M. Erfle and Jessica D. Osborne, Gordon & Rees LLP, Portland, Oregon; Sara Anderson Frey, Gordon & Rees LLP, Philadelphia, Pennsylvania; for Defendant-Appellant.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Elizabeth C. Savage and Ivan M. Karmel, Portland, Oregon; Robert J. Slavik, Seattle, Washington; for Plaintiff-Appellee.

Susan Marmaduke and J. Aaron Landau, Harrang Long Gary Rudnick P.C., Portland, Oregon, for Amicus Curiae Oregon Association of Defense Counsel.

Jonathan M. Hoffman and Alice Sayers Newlin, Martin Bischoff Templeton Langslet & Hoffman LLP, Portland, Oregon, for Amicus Curiae The Product Liability Advisory Council, Inc.

## ORDER

Pursuant to Oregon Revised Statutes § 28.200, we certify the following question to the Oregon Supreme Court:

> Oregon's statute of repose for products liability actions (Or. Rev. Stat. § 30.905(2)) provides that a civil action "must be commenced before the later of . . . ten years . . . or . . . the expiration of any statute of repose for an equivalent civil action in the state in which the product was manufactured . . . ." If the state of manufacture has no relevant statute of repose, is a plaintiff entitled to an unlimited period (subject to the statute of limitations) in which to bring suit in Oregon court?

We respectfully ask the Oregon Supreme Court to exercise its discretion to accept and decide this question of law, which will determine the outcome of this appeal. We are aware of

no controlling precedent on this issue in the decisions of the Oregon Supreme Court or intermediate appellate courts. The Oregon Supreme Court is not restricted to our framing of this question of state law, and may, in its discretion, answer this question in any form that it chooses. We will abide by the answer provided. If the Oregon Supreme Court declines certification, we will resolve the question according to our best understanding of Oregon law.

## FACTUAL BACKGROUND

Oregon resident Aline Miller owned a Ford Escape, which was manufactured in June 2001 in Claycomo, Missouri. The Escape was first sold to a consumer in September 2001. In May 2012, the Escape caught fire while parked in Miller's garage, allegedly due to a faulty sensor in the engine compartment. The fire spread from Miller's garage to her home, causing significant property damage. Miller also fractured her heel as she fled the fire.

In April 2014, Miller filed a products liability suit in Oregon state court, alleging various design and manufacturing defects, as well as failures to warn. Invoking diversity jurisdiction, Ford removed the case to the District of Oregon and later moved for summary judgment, arguing the Oregon statute of repose for products liability actions bars Miller's claims because the Escape was first sold to a consumer more than ten years before she filed suit. The district court denied the motion, finding Oregon's ten-year statute of repose did not apply. Instead, the district court concluded the statute's "look-away" provision required the court to apply the repose period of the state of manufacture. Because Missouri had no statute of repose for products

liability actions, the district court concluded no such limitation applied to bar Miller's claims.

On appeal, Ford challenges the district court's interpretation of the Oregon statute of repose.

## DISCUSSION

Oregon's statute of repose for products liability actions reads as follows:

> (2) A product liability civil action for personal injury or property damage must be commenced before the later of:
>
> (a) Ten years after the date on which the product was first purchased for use or consumption; or
>
> (b) The expiration of any statute of repose for an equivalent civil action in the state in which the product was manufactured, or, if the product was manufactured in a foreign country, the expiration of any statute of repose for an equivalent civil action in the state into which the product was imported.

Or. Rev. Stat. § 30.905(2). Ford contends the statute is capable of only one reasonable interpretation—namely, that a products liability action in Oregon is subject to a period of ultimate repose of either (1) ten years or (2) the period of repose of the state of manufacture, whichever is longer. Ford argues that the plain language of the statute does not

authorize an unlimited period in which to bring suit because the look-away provision requires a "statute of repose" in the state of manufacture that is subject to "expiration." Ford suggests that under these circumstances, the look-away provision does not apply, and the statutory period of ultimate repose defaults to ten years.

Miller contends that the plain language of the statute is neither clear nor dispositive, noting that the text does not explicitly require courts to "look back" to Oregon law if the state of manufacture has no relevant period of repose. She also cites several excerpts from the legislative history of the statute—including testimony before the Senate Judiciary Committee, concerns raised during debate in the House of Representatives, and the Legislative News Release announcing the new statute—suggesting the Oregon legislature intended to allow plaintiffs to bring suit within the time permitted in the state of manufacture, however long that might be.

Oregon principles of statutory interpretation do not require a court to find the text ambiguous before considering legislative history. *State v. Gaines*, 206 P.3d 1042, 1050 (Or. 2009). "However, the extent of the court's consideration of that history, and the evaluative weight that the court gives it, is for the court to determine." *Id.* at 1050–51. Here, the text of the statute appears to predicate application of the look-away provision on the existence of an equivalent statute of repose in the foreign state. But the legislative history at least suggests Oregon lawmakers may not have intended to impose this limitation. Because the resolution of this case turns solely on Oregon law, we certify this question of law to the Oregon Supreme Court for an authoritative decision of this

issue. *See Patton v. Target Corp.*, 580 F.3d 942, 948 (9th Cir. 2009).

Further proceedings in this case are stayed pending receipt of the answer to the certified question or notification from the Oregon Supreme Court that it declines to answer. The parties shall notify this Court within ten days after the Oregon Supreme Court accepts or rejects certification. If the Oregon Supreme Court accepts certification, the parties shall file a joint status report with this Court six months after the date of acceptance and every six months thereafter until the case is decided. The parties shall then notify this Court within ten days of the Oregon Supreme Court's decision.

The Clerk shall file a certified copy of this Order with the Oregon Supreme Court under Or. Rev. Stat. § 28.215. The Clerk shall also provide the Oregon Supreme Court a copy of the record in this case, in whole or in part, upon request.

IT IS SO ORDERED.

_____

Jay S. Bybee, Circuit Judge, Presiding